**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2155
_____

MATTHEW JONES,
Appellant

v.

DR. JOSE CAPIRO
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:19-cv-00895)
District Judge:  Honorable Jennifer L. Hall
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2025
Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 29, 2025)
_____

OPINION[*]
_____

PER CURIAM

Matthew Jones brought this civil rights action in the United States District Court

for the District of Delaware under 42 U.S.C. § 1983 claiming, *inter alia*, that defendant

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dr. Jose Capiro violated his constitutional rights and committed the tort of medical battery by having him involuntarily committed and by administering medication to treat his schizophrenia. Dr. Capiro filed a motion for summary judgment along with a declaration explaining that he has never been Jones's treating physician, that he never prescribed Jones any medication, and that his only interaction with Jones was in his capacity as a consulting witness at a hearing before the Superior Court of Delaware concerning an order for outpatient treatment to which Jones objected. The District Court granted Dr. Capiro's motion, concluding that he had no personal involvement in the harms alleged and that he is immune from damages liability under longstanding Supreme Court precedent and Delaware statutory law.

Jones appeals,[1] but does not raise any issues for our review. He thus has forfeited any arguments that might have been available to him—a consequence of his noncompliance with the Federal Rules of Appellate Procedure that we explained to him last year when he previously raised nothing of substance in an unrelated appeal he initiated. See Jones v. Thomas, C.A. No. 23-2821, 2024 WL 1281129, at *1 (3d Cir. Mar. 26, 2024) (citing FED. R. APP. P. 28(a); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). Nonetheless, as in that case, we have independently reviewed the record before us and see no error.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

The District Court correctly concluded that Dr. Capiro was not personally involved in the decisions to have Jones committed or medicated. Indeed, the record demonstrates that those decisions were made by a judicial officer and Jones's treating physicians. That undisputed fact is fatal to Jones's Section 1983 claims, even assuming, *arguendo*, that Dr. Capiro is a state actor, see Rode v. Dellarciprete, 845 F.2d 1192, 1207 (3d Cir. 1988), and it dooms Jones's medical battery claim as well, see Brzoka v. Olson, 668 A.2d 1355, 1360 (Del. 1995) (setting forth elements of common-law tort of battery in medical context) (citing, *inter alia*, Newmark v. Williams, 588 A.2d 1108, 1115 (Del. 1991)). Dr. Capiro also is entitled to immunity for testifying at the proceeding before the Delaware Superior Court. It is well-settled that "[Section] 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding." See Briscoe v. LaHue, 460 U.S. 325, 329 (1983). And Delaware law plainly precludes liability under these circumstances. See 16 DEL. C. § 5017(c) (immunizing medical doctors from "civil damages or criminal penalties for any harm to the person with a mental condition resulting from the performance of the . . . doctor's own functions" in connection with commitment proceedings absent negligent, reckless, willful, wanton, or intentional misconduct).

Accordingly, we will affirm.